SEYFARTH SHAW LLP
Jasmine J. Stanzick (SBN 354704)
jstanzick@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID BOYER, individually and as a representative of the Class,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION,<br><br>Defendant. | Case No. 3:25-cv-6723<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>(Removed from San Francisco County Superior Court, Case No. CGC-25-626721) |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. (incorrectly identified as "First Advantage Background Services Corporation"), hereby removes to this Court the above-referenced action from the Superior Court of the State of California, County of San Francisco, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support of this Notice of Removal, First Advantage states the following:

**BACKGROUND**

1. On June 30, 2025, Plaintiff filed his Class Action Complaint in the Superior Court of the State of California, County of San Francisco, in an action titled *David Boyer v. First Advantage Background Services Corporation*, Case No. CGC-25-626721. In his Class Action Complaint, Plaintiff claims that First Advantage violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), by furnishing a background report to Plaintiff's prospective employer that included information on criminal charges allegedly filed against someone else. Copies of the Civil Case Cover Sheet and Class Action Complaint are attached hereto as **Exhibit A**.

2. On July 9, 2025, Plaintiff served First Advantage with the Summons and copies of the Class Action Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Alternative Dispute Resolution Information Package. Copies of the Summons, Notice of Case Management Conference, and ADR Information Package are attached hereto as **Exhibit B**. A copy of the Proof of Service of Summons filed on July 10, 2025 is attached hereto as **Exhibit C**.

3. Exhibits A and B attached hereto constitute all pleadings, process, and orders served upon First Advantage in this action.

4. On August 1, 2025, the Superior Court issued an "Order Denying Complex Designation for Failure to File Application Requesting Designation." A copy of that Order is attached hereto as **Exhibit D**.

5. On August 7, 2025, First Advantage filed its answer to Plaintiff's Class Action Complaint in the Superior Court of the State of California, County of San Francisco. A copy of confirmation of filing of First Advantage's answer is attached hereto as **Exhibit E**[1].

---

[1] The undersigned has been advised that a conformed copy of First Advantage's Answer is not yet aviable. First Advantage will file a conformed copy of its Answer upon receipt.

**TIMELINESS OF REMOVAL**

6. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty days of service of the Class Action Complaint upon First Advantage. *See* 28 U.S.C. § 1446(b).

**FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

7. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Plaintiff asserts a claim under the FCRA. (Compl. ¶¶ 55-62). Thus, his lawsuit arises under the laws of the United States within the meaning of 28 U.S.C. § 1331, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

9. In addition to his FCRA claim, Plaintiff brings state law claims under the ICRAA and UCL. Pursuant to 28 U.S.C. § 1367(a), these claims fall within the Court's supplemental jurisdiction because they relate to the alleged acts or conduct which "form part of the same case or controversy" under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a). All of the conduct upon which Plaintiff bases both his federal and state law claims arises out of information that First Advantage allegedly included in Plaintiff's background report. Accordingly, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (nucleus of operative facts common to state law claims and federal claims required); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986) ("To conserve judicial resources, it was appropriate for the district court to decide [the state law claim].").

**DIVERSITY JURISDICTION**

10. This action is also removable under 28 U.S.C. § 1441(b) because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been satisfied because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

11. Upon information and belief and according to the allegations in the complaint, Plaintiff is a citizen of the State of California. (Compl. ¶ 10).

12. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)); *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021) (holding that a corporation is "domicile[d]" or "at home" in "its place of incorporation and principal place of business").

13. First Advantage is not a California citizen. Rather, First Advantage is incorporated in Florida and has its principal place of business in Atlanta, Georgia. Attached hereto as **Exhibit F** is a Statement of Information filed by First Advantage in the office of the Secretary of State of the State of California on May 14, 2025, listing First Advantage's state of incorporation and principal place of business.[2]

14. While First Advantage denies any liability as to Plaintiff's claims and further denies that this lawsuit is appropriately brought as a class action, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that court may consider facts presented in removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees are included in amount in controversy, regardless of whether such award is discretionary or mandatory); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that, in single-plaintiff cases, the damages alleged for each claim are aggregated when calculating the amount in controversy).

---

[2] This entity information is available at https://bizfileonline.sos.ca.gov/search/business.

15. For Plaintiff's first cause of action under the FCRA, Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees, and costs. (Compl. ¶ 62 & Prayer for Relief); *see also* 15 U.S.C. § 1681o (permitting recovery of actual damages for negligent noncompliance); 15 U.S.C. § 1681n (for willful violations, permitting recovery of actual damages or statutory damages not less than $100 and not more than $1,000; punitive damages; and attorneys' fees and costs).

16. For Plaintiff's second cause of action under the ICRAA, Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, attorneys' fees, and costs. (Compl. ¶ 69 & Prayer for Relief).; *see also* Cal. Civ. Code § 1786.50 (permitting recovery of actual damages, statutory damages of $10,000 per violation, punitive damages, and attorneys' fees).

17. For Plaintiff's third cause of action under the UCL, Plaintiff seeks injunctive relief, attorneys' fees, and costs. (Compl. ¶ 79 & Prayer for Relief); *see also* Cal. Bus. & Prof. Code § 17203 (permitting injunctive relief and restitution).

18. Based on these allegations, Plaintiff's alleged actual damages, statutory damages, punitive damages, injunctive relief, attorneys' fees, and costs for the three causes of action asserted in the Complaint are likely to exceed $75,000.

19. In cases involving similar claims, jury awards for non-economic and punitive damages often exceed $100,000 in the aggregate. *See*, *e.g.*, *Kim v. BMW Fin. Servs. NA, LLC*, 702 F. App'x 561 (9th Cir. 2017) (affirming award of $250,000 in noneconomic damages for plaintiff's reputational injuries resulting from defendant's FCRA violation); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 724 (3d Cir. 2010) (affirming $50,000 non-economic damages award and $100,000 punitive damages award for violations, including inaccurate reporting, of the FCRA); *Saunders v. BB&T Co. of Va.*, 526 F.3d 142, 154 (4th Cir. 2008) (affirming $1,000 statutory damages award and $80,000 punitive damages award for FCRA violations including misleading reporting); *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 359 (6th Cir. 2005) (affirming $400,000 award for "emotional pain and suffering, humiliation, lost credit opportunities and damage to her reputation for creditworthiness" for FCRA violations including inaccurate reporting); *Ward v. Nat'l Credit Sys., Inc.*, No. 21-cv-02597-NYW-JPO (D. Or. June 25, 2024) (appeal pending) (entering final judgment on jury verdict awarding $500,000 for emotional

distress arising from FCRA violations); *Ramones v. Experian Info. Sols., LLC*, No. 0:19-cv-62949 (S.D. Fla. Apr. 8, 2022) (affirming $80,000 actual damages award for lost credit and emotional distress and reducing $700,000 punitive damages award to $475,000 for FCRA violations); *Humphrey v. Equifax Info. Servs.*, No. 3:16CV00370 (W.D. Wis. Aug. 7, 2019) (awarding $180,000 in actual damages for lost credit, reputational harm, and emotional distress and $120,000 in punitive damages for FCRA violations); *Miller v. Equifax Info. Svcs., LLC*, No. 3:11-cv-01231-BR (D. Or. May 20, 2014) (recognizing $180,000 actual damage award for non-economic damages and reducing $18,400,000 punitive damages award to $1,620,000 for FCRA violations, including inaccurate reporting).

20. The attorneys' fees and costs alone often exceed $100,000 in cases involving similar claims brought under federal and state laws. *See*, *e.g.*, *Rodriguez v. Adir Int'l, LLC*, No. 5:23-cv-02423-AH-JC (C.D. Cal. June 27, 2025) (appeal pending) (entering judgment of $60,000 for actual damages and awarding plaintiff $211,819.05 in attorneys' fees and $13,557.77 in litigation costs following a favorable verdict on his FCRA and California state-law claims); *Kim v. BMW Fin. Servs. NA, LLC*, No. CV 14-01752-BRO (JCx), 2015 WL 12734013, at *11 (C.D. Cal. Nov. 12, 2015) (awarding plaintiff $280,934.90 in attorneys' fees following a favorable verdict on his FCRA and California state-law claims); *Miller*, No. 3:11-cv-01231-BR (D. Or. June 13, 2014) (entering judgment awarding attorneys' fees of $302,002.50 on FCRA claims); *Valentine v. Equifax Info. Servs., LLC*, 543 F. Supp. 2d 1232, 1234 (D. Or. 2008) (awarding plaintiff $117,096.80 in attorneys' fees based on defendant's FCRA violations); *Kirkpatrick v. Equifax Info. Servs., LLC*, No. 3:03-CV-00199-MO, 2005 WL 1231485, at *2 (D. Or. Jan 25, 2005) (awarding plaintiff $195,000 in attorneys' fees and $14,481.12 in costs based on defendant's FCRA violations).

21. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

**VENUE**

22. Because this action originally was brought in the Superior Court of the State of California, County of San Francisco, the action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**INTRADISTRICT ASSIGNMENT**

23. Assignment to the San Francisco Division of this Court is proper under Local Rule 3-2(d) because Plaintiff filed his Class Action Complaint in the Superior Court of the State of California, County of San Francisco.

**NOTICE OF REMOVAL**

24. Notice of this Notice of Removal will promptly be served on Plaintiff, through his counsel, and the Clerk of the Superior Court of the State of California, County of San Francisco.

**PRAYER**

WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

SEYFARTH SHAW LLP

By: */s/ Jasmine J. Stanzick*
Jasmine J. Stanzick
Attorneys for Defendant

FIRST ADVANTAGE BACKGROUND SERVICES CORP.

Date: August 8, 2025